UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 18-cr-20526
                                  Hon. Matthew F. Leitman

SHUNTEZ THOMAS,

    Defendant.
_____/

**ORDER (1) DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE (ECF No. 57) AND (2) TERMINATING AS MOOT THE GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S DECLARATION (ECF No. 61)**

Defendant Shuntez Thomas pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute 500 grams or more of cocaine. (*See* Judgment, ECF No. 48, PageID.271.)  In 2021, he was sentenced to a mandatory minimum term of imprisonment of 120 months. (*See id.*)  Now before the Court is Thomas's motion for reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 57.) For the reasons explained below, Thomas's motion is **DENIED**.

**I**

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020)

1

(quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant a reduction in sentence:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the United States Court of Appeals for the Sixth Circuit has explained, the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, "to the extent applicable," support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has added that a district court "must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*,

986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

## II

Section 3582(c)(1)(A) does not describe what constitutes an "extraordinary and compelling" circumstance. The United States Sentencing Guidelines, Section 1B1.13(b), lists the conditions that may constitute extraordinary and compelling reasons for granting a reduction in sentence: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) the defendant was a victim of sexual abuse or physical abuse resulting in serious bodily injury; (5) "other reasons" that are similar in gravity to those described in paragraphs (1) through (4); and (6) the defendant received an unusually long sentence, has served at least ten years of that sentence, and a non-retroactive change in the law has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" U.S.S.G. § 1B1.13(b)(1)–(6).

Thomas contends that four extraordinary and compelling circumstances warrant a reduction in his sentence: (1) he received ineffective assistance of counsel in entering his guilty plea; (2) he was subjected to harsh conditions of confinement during the COVID-19 pandemic; (3) under a change in the law that occurred after his sentencing (and which does not apply retroactively), he would receive a

substantially shorter sentence if he were to be sentenced for his same offense today; and (4) his post-sentencing rehabilitation efforts. (*See* Mot., ECF No. 57.) Thomas has failed to show that these constitute extraordinary and compelling reasons warranting a reduction in his sentence.

### A

Thomas first contends that he is entitled to a reduction in sentence because he was provided ineffective assistance of counsel. (*See* Mot., ECF No. 57, PageID.331-335.) Specifically, he contends that there was not a sufficient factual basis for him to plead guilty to possession of a firearm in furtherance of a drug trafficking crime because the weapons he possessed were in self-defense, not in furtherance of a drug trafficking crime. (*See id.*) Thomas's ineffective assistance of counsel claim and claim that the factual basis of his plea was insufficient are not proper grounds for a sentence reduction. *See United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at \*2 (6th Cir. Oct. 7, 2010) ("[A] compassionate release motion is not the proper vehicle for arguments 'that were or could have been raised on direct appeal or in a 28 U.S.C. § 2255 motion.'" (quoting *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019))). Thus, these arguments cannot be considered extraordinary and compelling reasons for a sentence reduction.

B

Thomas next contends that he faced harsh conditions during the COVID-19 pandemic and that those conditions constitute an extraordinary and compelling reason warranting a reduction in sentence. (*See* Mot., ECF No. 57, PageID.335-338.)

First, as the Government notes, Thomas pleaded guilty in 2019 and remained on bond until he was committed to the custody of the Bureau of Prisons on September 7, 2021. (*See* Resp., ECF No. 59, PageID.402; Sentence Monitoring Data, ECF No. 59-2, PageID.411.) Thomas was not incarcerated during the height of the pandemic. By the time Thomas was incarcerated, vaccines were widely available and at least 70% of the United States was vaccinated. *See A Timeline of COVID-19 Vaccine Developments for the Second Half of 2021*, Am. J. of Managed Care (Dec. 21, 2021), https://www.ajmc.com/view/a-timeline-of-covid-19-vaccine-developments-for-the-second-half-of-2021. And "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Thus, to the extent Thomas bases this claim on the lack of adequate supplies and protective measures instituted in his facility during the pandemic, his claim fails.

Thomas further suggests that the harsh conditions of confinement – *i.e.*, lockdowns and decreased programming and recreation – during the pandemic

5

constitute an extraordinary and compelling circumstance. The Court disagrees. Those conditions cannot be extraordinary because they were experienced by all other inmates in Thomas's facility. Several courts in this circuit have held the same. *See United States v. Trent*, No. 17-CR-17, 2024 WL 3734198, at *7 (E.D. Tenn. Aug. 8, 2024) ("COVID-19 lockdown conditions cannot be said to be 'extraordinary,' at least to defendant specifically, as the same conditions were experienced by all inmates in defendant's facility, and similar conditions were experienced by inmates in facilities across the country."); *United States v. Daniels*, No. 19-cr-00204, 2022 WL 164543, at *6 (M.D. Tenn. Jan. 18, 2022) ("[I]f this Court were to accept this asserted basis for compassionate release, this basis would apply to all inmates in a BOP facility that are subject to similar COVID-19 counter measures[.]"); *United States v. Willis*, No. 13-cr-20303, 2024 WL 4433065, at *5 (E.D. Mich. Oct. 7, 2024) (collecting cases finding same). Therefore, Thomas's conditions of confinement do not constitute an extraordinary and compelling reason for reducing his sentence.

## C

Thomas next contends that a non-retroactive change in the law, or a change in Department of Justice policy, constitutes an extraordinary and compelling circumstance. (*See* Mot., ECF No. 57, PageID.338-342.) He claims that if he were sentenced today, he would not be subject to the mandatory minimum sentences that he faced at the time of sentencing. (*See id.*, PageID.338-339.) He says that change

6

"creates an unwarranted sentencing disparity" that constitutes an extraordinary and compelling reason to reduce his sentence. (*Id.*, PageID.339.) Thomas argues that this change is extraordinary and compelling under the catchall in Section 1B1.13(b)(5) ("other reasons" may be extraordinary and compelling). But his argument falls squarely within Section 1B1.13(b)(6).

Section 1B1.13(b)(6) indicates that under some circumstances, a nonretroactive change in the law may be considered in determining whether extraordinary and compelling circumstances exist:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). But under the plain language of Section 1B1.13(b)(6), Thomas is not eligible for compassionate release based upon a change in the law because he has not served at least ten years of his term of imprisonment. Therefore, even if Section 1B1.13(b)(6) is a permissible exercise of the Sentencing

Commission's authority (and that is a matter of sharp dispute at this time[1]), it does not help Thomas.

### D

Finally, to the extent Thomas suggests that he has achieved rehabilitation that rises to the level of extraordinary and compelling, that is not a sufficient basis for a sentence reduction. "[R]ehabilitation is what is expected; it is not extraordinary." *United States v. Sandlain*, No. 14-cr-20283, 2024 WL 3572890, at *4 (E.D. Mich. July 29, 2024). Moreover, rehabilitation, standing alone, cannot amount to an extraordinary and compelling circumstance. *See* 28 U.S.C. § 994(t).

### III

Even if Thomas could show extraordinary and compelling circumstances that warrant a reduction in his sentence, Thomas's motion would fail for another reason.

---

[1] The Sixth Circuit has held that a nonretroactive change in the law cannot be an extraordinary and compelling circumstance. *See United States v. McCall*, 56 F.4th 1048, 1065 (6th Cir. 2022). District courts in this Circuit are divided on the question of whether, in light of that holding, it is permissible to find under Section 1B1.13(b)(6) that a non-retroactive change in the law can be considered in finding extraordinary and compelling circumstances. *Compare United States v. Brown*, 715 F.Supp.3d 1034, 1040 (S.D. Ohio 2024) (holding that under Section 1B1.13(b)(6), a district court may find extraordinary and compelling circumstances based upon a non-retroactive change in the law), *with United States v. Hill*, No. 11 CR 536, 2024 WL 2089011, at *4–7 (N.D. Ohio May 9, 2024) (holding that a district court may not find extraordinary and compelling circumstances under Section 1B1.13(b)(6) based upon a non-retroactive change in the law); *United States v. Terry*, No. 11-cr-0036, 2024 WL 2834453, at *2 (W.D. Ky. June 4, 2024) (same; collecting cases). The Court need not, and does not, take sides on this issue here.

He has failed to show that the Section 3553(a) factors counsel in favor of a reduced sentence. There is a presumption that the district court's "initial balancing of the 3553(a) factors during [Thomas's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction[.]" *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Thomas must therefore "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.*

Thomas pleaded guilty to serious offenses. He has only served approximately three and a half years of his ten-year mandatory minimum sentence. Releasing Thomas "after [he] served such a short amount of time would undermine [the] § 3553(a) factors." *United States v. Kincaid*, 805 F. App'x 394. 395 (6th Cir. 2020). Thomas's release at this time would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.

## IV

For all of these reasons, Thomas's motion for a sentence reduction is **DENIED**. In light of the Court's ruling, the Government's motion to strike Thomas's declaration (ECF No. 61) is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2025

9

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 27, 2025, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126